IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL W. NANCE                                                                    PLAINTIFF

vs.                                    Civil No. 2:16-cv-02165

NANCY A. BERRYHILL                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michael Nance ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on December 14, 2012. (Tr. 10, 166-173). In his application, Plaintiff alleges being disabled due to three heart attacks, stroke, and a bad back. (Tr. 210). Plaintiff alleges an onset date of July 15, 2011. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 71-114, 117-119).

Thereafter, Plaintiff requested an administrative hearing on his denied application. (Tr. 120).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

The ALJ granted that request and held an administrative hearing on February 3, 2014. (Tr. 28-70). At this hearing, Plaintiff was present and was represented by Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore, testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-six (36), which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 33). As for his level of education, Plaintiff testified he had graduated from high school. *Id.*

After this hearing, on July 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI. (Tr. 10-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 14, 2012. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, bilateral carpal tunnel syndrome, hypertension, learning disorder not otherwise specified (NOS), anxiety disorder NOS, and personality disorder with dependent and antisocial features. (Tr. 12, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except he could only perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling; occasional handling and fingering bilaterally; restricted to work where interpersonal contact with coworkers and supervisors was incidental to the work performed; there was no contact with the general public; the complexity of tasks was learned and performed by

2

rote, with few variables and little use of judgment; and the supervision required was simple, direct, and concrete. (Tr. 14, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 5). Considering his RFC, the ALJ determined Plaintiff could not perform any of his PRW. *Id.* The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) blending tank tender helper with 221 such jobs in Arkansas and 8,195 such jobs in the United States; (2) groover and stripper operator with 178 such jobs in Arkansas and 11,519 such jobs in the United States; and (3) fruit distributor with 100 such jobs in Arkansas and 6,636 such jobs in the United States. *Id.* Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, since December 14, 2012. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 5). On June 20, 2016, the Appeals Council denied this request. (Tr. 1-4). On July 12, 2016, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 13, 2016. ECF No. 6. This case is now ripe for determination.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in assessing his credibility and (2) the ALJ erred in his RFC determination. ECF No. 11 at 4-9. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on whether Plaintiff's subjective complaints were supported by his medical records. (Tr. 14-19). Further, instead of providing reasons for discounting Plaintiff's subjective complaints, the ALJ stated the following:

After careful consideration of the evidence, the undersigned finds that the claimant's

6

medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 16).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE